**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **Deanna Pierce and Billy Englemann,** §<br>*Plaintiffs* §<br>**v.** §<br> §<br>**Aveanna Healthcare, LLC and** §<br>**Aveanna Healthcare Texas Injury** §<br>**Benefit Plan,** §<br>*Defendants* § | Civil No. 1:21-cv-287-RP |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**TO: THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Defendants Aveanna Healthcare, LLC and Aveanna Healthcare Texas Injury Benefit Plan's Motion to Dismiss, filed May 12, 2021 (Dkt. 7), and Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss, and, in the Alternative, Motion for Leave to Amend, filed May 26, 2021 (Dkt. 8).[1] On November 2, 2021, the District Court referred the Motion to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.   General Background

Plaintiff Deanna Pierce is a former employee of Defendant Aveanna Healthcare, LLC ("Aveanna"). Complaint, Dkt. 1 ¶ 7. Pierce worked as a nurse providing in-home healthcare services to a child in Robinson, Texas. *Id.* ¶ 8. Pierce alleges that the patient's home "was volatile and unsafe, with multiple violent disturbances and police calls, including police calls for assault causing bodily injury, family violence, terroristic threat, and causing fear of serious bodily injury."

---

[1] Defendants did not file a reply brief.

*Id.* Plaintiffs further alleges that Pierce "made Aveanna aware of the disturbances and police visits, but Aveanna unreasonably failed to take any actions to ensure her safety." *Id.*

On July 22, 2019, Pierce was working in the child's home performing nursing duties "when the patient's father began making unwanted, aggressive advances toward her." *Id.* ¶ 9. After Pierce "began texting her supervisor with pleas for help," she was "violently and sexually assaulted by the patient's father for an extended period of time." *Id.* Pierce alleges that she suffered significant physical and mental injuries as a result of Aveanna's negligent failure to ensure a safe work environment and timely respond to her pleas for help. *Id.*

Defendant Aveanna Healthcare Texas Injury Benefit Plan (the "Plan") is a program of benefits constituting a Self-Funded Employee Welfare Benefit Plan under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461. Dkt. 1 ¶ 4. Pierce alleges that Aveanna wrongfully terminated and denied her benefits under the Plan in April 2020. *Id.* ¶ 10. Pierce appealed the termination of benefits; the Plan denied her appeal. *Id.*

Pierce and her husband, Billy Englemann (collectively, "Plaintiffs"), assert claims of negligence, gross negligence, and malice against Aveanna and wrongful denial of plan benefits by the Plan under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Plaintiffs also seek attorneys' fees and costs under ERISA § 502(g), 29 U.S.C. § 1132(g), and actual and exemplary damages.

In their Motion to Dismiss, Aveanna and the Plan (collectively, "Defendants") argue that (1) Plaintiffs fail to identify the terms of the Plan that Defendants allegedly breached; (2) Plaintiffs' state law claims for negligence and gross negligence are preempted by ERISA; and (3) Plaintiffs fail to plead sufficient facts to allege negligence and gross negligence. Plaintiffs oppose the motion to dismiss and, in the alternative, request leave to amend their complaint "to cure any deficiencies this Court finds." Dkt. 8 at 1.

## II.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is generally limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

## III.     Analysis

The Court addresses in turn Defendants' three arguments for dismissal.

### A. Plaintiffs Sufficiently State a Claim for Breach of the Plan

First, Defendants argue that Plaintiffs have failed to allege sufficient facts "to identify any specific plan term the Plan breached and how the Plan was breached, which is necessary to state a plausible claim" under 29 U.S.C. § 1132(a)(1)(B). In support of this argument, Defendants cite cases decided in 2014 or earlier.

In response, Plaintiffs rely on a more recent opinion from the Fifth Circuit Court of Appeals, *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719 (5th Cir. 2018). In that case, the court construed in detail its holding in *Electrostim Med. Servs., Inc. v. Health Care Serv. Corp.*, 615 F. App'x 731 (5th Cir. 2015), in which it reversed dismissal of an ERISA claim. The Fifth Circuit wrote in *Innova* that "ERISA plaintiffs should not be held to an excessively burdensome pleading standard that requires them to identify particular plan provisions in ERISA contexts when it may be extremely difficult for them to access such plan provisions." 892 F.3d at 728. The court held that "plaintiffs alleging claims under 29 U.S.C. § 1132(a)(1)(B) for plan benefits need not necessarily identify the specific language of every plan provision at issue to survive a motion to dismiss under Rule 12(b)(6)." *Id.* at 729.

Plaintiffs allege in their Complaint that Pierce is entitled to the cost of medical treatment under the Plan, that she made a claim for benefits and exhausted her administrative remedies, and that the Plan failed to pay in accordance with its terms. Dkt. 1 ¶ 17. The Court finds that Plaintiffs have satisfied the Rule 8 and *Iqbal/Twombly* pleading standards as to their ERISA claim.

### B. ERISA Does Not Preempt Plaintiffs' State Law Negligence Claims

Next, Defendants contend that Plaintiffs' claims against Aveanna for negligence and gross negligence under Texas common law should be dismissed because they are preempted by ERISA. Defendants point out that "ERISA supersedes any state cause of action that relates to any employee

benefit plan." Dkt. 7 at 4. Defendants cite ERISA's conflict preemption clause, 29 U.S.C. §1144(a), which states in part that, with certain exceptions, ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." Plaintiffs respond that their claims that Aveanna failed to provide a safe work environment arise from the employer-employee relationship, a common law duty of care that "exists independently of duties set forth under an ERISA benefit plan," and thus are not preempted. Dkt. 8 at 9.

The Court agrees with Plaintiffs. The Fifth Circuit and this Court have found repeatedly that negligence claims that an employer maintained an unsafe workplace are not preempted where, as here, they do not "relate to" the ERISA plan. *See, e.g.*, *McAteer v. Silverleaf Resorts, Inc.*, 514 F.3d 411, 417 (5th Cir. 2008) (stating that "[s]tate law negligence claims for failing to maintain a safe workplace are not preempted by ERISA"); *Woods v. Tex. Aggregates, L.L.C.*, 459 F.3d 600, 602-03 (5th Cir. 2006); *Vargas v. W. Dairy Transps., LLC*, No. EP-12-CV-149-KC, 2012 WL 13148819, at *4 (W.D. Tex. July 30, 2012) ("Here, Plaintiff alleges that Defendant negligently failed to provide a safe workplace, which the Fifth Circuit has uniformly held is a claim that does not relate to ERISA."); *Fraire v. Budget Rent-a-car of El Paso, Inc.*, No. EP-10-CV-0338-PRM-RPM, 2011 WL 13238411, at *3 (W.D. Tex. Mar. 3, 2011), *R. & R. adopted*, 2011 WL 3678584 (W.D. Tex. Mar. 31, 2011); *Jurasin v. Dillon Res., Inc.*, No. SA-09-CA-1032-FB, 2010 WL 11506525, at *2 (W.D. Tex. Mar. 2, 2010). The undersigned Magistrate Judge recommends that the District Court find that Plaintiffs' negligence claims are not preempted by ERISA.

**C. Plaintiffs Plead Sufficient Facts to Allege Negligence and Gross Negligence**

Finally, Defendants argue in the alternative that Plaintiffs fail to plead sufficient facts to establish a claim of negligence or gross negligence.

The common law doctrine of negligence consists of three elements: 1) a legal duty owed by one person to another; 2) a breach of that duty; and 3) damages proximately resulting from the breach. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 178 (5th Cir. 2018). "The plaintiff must establish both the existence and the violation of a duty owed to the plaintiff by the defendant to establish liability in tort." *Id.* (citation omitted).

Defendants challenge Plaintiffs' pleading as to the first negligence element. They argue that, as a general rule, a person has no legal duty to protect another from the criminal acts of a third person or control the conduct of another, and that an employer owes no duty to an employee who was aware of the dangers associated with the job duties. Dkt. 7 at 6 (quoting *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 756 (Tex. 1998)). Defendants contend that "Plaintiffs have not plead sufficient facts to demonstrate an exception to the general rule that Aveanna has no legal duty to protect Ms. Pierce from the criminal acts of a third person or that Aveanna owes a duty to Ms. Pierce, who based on Plaintiffs' Original Complaint, was aware of the dangers associated with her job duties." Dkt. 7 at 7.

The Court finds that the Complaint contains facts sufficient to state a claim for negligence. "An employer is not an insurer of its employees' safety at work; however, an employer does have a duty to use ordinary care in providing a safe work place." *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). To the extent Defendants contend that sexual assault is an "open and obvious" dangerous condition of providing nursing care to a child in the patient's home, Plaintiffs have pled sufficient facts to state a claim under the "necessary-use exception" to an "open and obvious" danger by alleging that Pierce was assigned to and placed in an unsafe home. *See Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 204 (Tex. 2015); Dkt. 1 ¶12. Plaintiff alleges that the home where she was required to work was

6

> volatile and unsafe, with multiple violent disturbances and police calls, including police calls for assault causing bodily injury, family violence, terroristic threat, and causing fear of serious bodily injury. Ms. Pierce made Aveanna aware of the disturbances and police visits, but Aveanna unreasonably failed to take any actions to ensure her safety.

Dkt. 1 ¶ 8. These facts are sufficient to state a claim that Aveanna owed Pierce a legal duty.

Plaintiffs also have alleged facts sufficient to state a claim for gross negligence. Gross negligence involves proof of two elements: (1) viewed objectively from the actor's standpoint, the act or omission must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others. *Acuna v. Covenant Transp., Inc.*, No. SA-20-CV-01102-XR, 2020 WL 6064419, at *5 (W.D. Tex. Oct. 13, 2020); *Guadalupe-Blanco River Auth. v. Pitonyak*, 84 S.W.3d 326, 341 (Tex. App.—Corpus Christi 2002, no pet.).

Plaintiffs sufficiently allege that Pierce notified Aveanna of an "extreme degree of risk" of working in the home where she was assaulted and that Aveanna had "actual, subjective awareness of the risk involved" but failed to take any action to ensure her safety. Pierce alleges that she "made Aveanna aware of the disturbances and police visits" to the home, Dkt. 1 ¶ 8, and that she "felt unsafe and began texting her supervisor with pleas for help" before the assault, "when the patient's father began making unwanted, aggressive advances toward her," *id.* ¶ 9. Plaintiffs allege that Pierce suffered damages "[a]s a direct and proximate result of Aveanna's negligent failure to ensure a safe work environment for Ms. Pierce and negligent failure to timely respond to her pleas for help." *Id.* Plaintiffs' Complaint sufficiently states a claim for gross negligence.

## IV.     Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Defendants Aveanna Healthcare, LLC and Aveanna Healthcare Texas Injury Benefit Plan's Motion to Dismiss (Dkt. 7).

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## V.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on February 4, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE