**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **DEANNA PIERCE and BILLY ENGLEMANN,** *Plaintiffs* <br> v. <br> **AVEANNA HEALTHCARE, LLC and AVEANNA HEALTHCARE TEXAS INJURY BENEFIT PLAN,** *Defendants* | § § § § § § § § § <br><br> **CIVIL NO. 1:21-CV-00287-RP** |

## ORDER

Before the Court are Defendants' Motion to Compel Mental Examination of Plaintiff Deanna Pierce, filed January 26, 2023 (Dkt. 28), and Plaintiffs' Response in Opposition to Defendants' Motion to Compel Mental Examination of Plaintiff Deanna Pierce, filed February 6, 2023 (Dkt. 30).[1]

Pierce alleges that she was sexually assaulted while working as an in-home healthcare nurse for Aveanna Healthcare, LLC and denied benefits by the Aveanna Healthcare Texas Injury Benefit Plan. Pierce and her husband, Billy Englemann, bring claims for negligence, gross negligence, and malice against Aveanna and wrongful denial of benefits by the Plan under ERISA, 29 U.S.C. § 1132(a)(1)(B). Plaintiffs seek actual damages for Pierce's mental and physical injuries, Englemann's loss of consortium, exemplary damages, and attorneys' fees and costs under 29 U.S.C. § 1132(g)(1).

Defendants seek to compel a mental examination of Pierce under Rule 35. The Court held a hearing on the Motion on March 7, 2023, and now enters this Order.

---

[1] By Text Order entered February 7, 2023, the District Court referred the motion and related filings to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

1

## I. Agreements and Concessions during the Hearing

Although Plaintiffs dispute that there is good cause to grant the Motion, Plaintiffs' counsel conceded during the hearing that Pierce's mental condition is "in controversy." *See Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964) ("A plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.") (citation omitted).

Defendants agreed with the following requests by Plaintiffs: (1) the mental examination it seeks would be limited to four hours total, with breaks as needed; (2) the examination may be recorded by audio and/or video; (3) topics to be covered would be disclosed before the day of the exam; and (4) during the mental exam, a female assistant and Pierce's service dog can be present in the exam room, the door to the room can remain open, and Englemann can be present in the building but not the exam room.

## II. Information Plaintiffs Must File and Serve

The parties have made arguments going to the merits of Defendants' Motion to Compel concerning certain discovery and expert materials. Accordingly, the Court hereby **ORDERS** Plaintiffs to:

- file the expert report in this case of Defendants' proposed examiner, Dr. George S. Glass, M.D., P.A., **under seal and accompanied by a motion to seal**, and

- produce to Defendants the results of any Minnesota Multiphasic Personality Inventory (MMPI) administered to Pierce within their possession, custody, or control

**on or before March 10, 2023**.

## III. Briefing Order

Finally, Plaintiffs argued for the first time at the hearing that Defendants' Motion to Compel is untimely because Defendants failed to request a mental examination before the expert deadline.

Plaintiffs cited *Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412 (S.D. Tex. 2012), but represented that courts are divided on this issue. Each party has until **March 17, 2023** to submit a supplemental brief of no more than **7 pages** addressing whether the Motion is timely.

**IT IS SO ORDERED.**

**SIGNED** on March 7, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE